UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LINDA MAYEUX                                    CIVIL ACTION NO. 6:10-cv-1649

VERSUS                                          JUDGE MELANÇON

CITY OF OPELOUSAS AND                           MAGISTRATE JUDGE HANNA
VANESSA HARRIS, JUDGE,
CITY COURT OF OPELOUSAS,
WARD 1

## RULE 7(a) HEIGHTENED PLEADING REVIEW

In this civil rights lawsuit, brought under 42 U.S.C. § 1983, as well as the First and Fourteenth Amendments to the United States Constitution, the plaintiff has sued two defendants, the City of Opelousas and City Court Judge Vanessa Harris. Judge Harris was sued in both her official capacity and her individual capacity. In her answer, Judge Harris pleaded qualified immunity. The undersigned has, therefore, conducted an evaluation of the plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.[1]

After review, the undersigned concludes that the plaintiff has supported her claims against Judge Harris "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged

---

[1] See *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

acts."[2]  Ms. Mayeux, the plaintiff, alleges that she was employed by the City of Opelousas and the Opelousas City Court as an administrative assistant.  She further alleges that, on or about April 21, 2010, she posted an article on the bulletin board, which was taken from the internet, comparing the nutritional value of brown sugar and white sugar.  She further alleges that, on May 5, 2010, Judge Harris terminated her employment because the article Ms. Mayeux posted on the bulletin board conveyed a negative racial connotation in violation of a City Court policy.

Although the court may later determine the facts in favor of the defendants, the sole issue presented here is whether the plaintiffs have satisfied the heightened pleading requirement of *Shultea v. Wood*.  The undersigned concludes that they have.  Accordingly, the undersigned concludes that there is no need for an order banning or limiting discovery with regard to the plaintiffs' claims against the defendants, and the case should proceed in accordance with the existing Scheduling Order (Rec. Doc. 5).

Signed in Lafayette, Louisiana, this 1st day of March, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2]  *Schultea v. Wood*, 47 F.3d at 1434.